SLR:LDM:BDM
F.#2012V06452

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M12-0372**

- - - - - - - - - - - - - - - - - - - -X

In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT IN
CITIBANK NA ACCOUNT NUMBER 9942786482,
HELD IN THE NAME OF BETTY WEG AND
ARNOLD WEG, UP TO AND INCLUDING SIX
HUNDRED FIFTY-SIX THOUSAND EIGHT
HUNDRED FIFTY-THREE DOLLARS AND NO
CENTS ($656,853.00), AND ALL PROCEEDS
TRACEABLE THERETO,

ANY AND ALL FUNDS ON DEPOSIT IN
JP MORGAN CHASE BANK ACCOUNT NUMBER
109022106, HELD IN THE NAME OF S & B
REALTY CO., UP TO AND INCLUDING ONE
HUNDRED THIRTEEN THOUSAND ONE DOLLAR
AND NO CENTS ($113,001.00), AND ALL
PROCEEDS TRACEABLE THERETO, AND

ANY AND ALL FUNDS ON DEPOSIT IN
BANK OF AMERICA NA ACCOUNT NUMBER
483003869195, HELD IN THE NAME OF
OSKAR WEG AND RACHEL WEG, UP TO AND
INCLUDING TWO HUNDRED THOUSAND DOLLARS
AND NO CENTS ($200,000.00) AND ALL
PROCEEDS TRACEABLE THERETO.

- - - - - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT OF
OF SEIZURE WARRANTS

CASE NO.

EASTERN DISTRICT OF NEW YORK, SS:

        WILLIAM A. CLARK, being duly sworn, deposes and states

as follows:

        1.    I am a Special Agent with the Department of

Treasury, Internal Revenue Service, Criminal Investigation

Division ("IRS-CID"), New York City.

2. I began my federal law enforcement career as a Special Agent with IRS-CID in January 2011. Since that time, I have participated in the investigation of violations of the Internal Revenue Laws (codified in Title 26, United States Code), the Bank Secrecy Act (codified in Title 31, United States Code), the Money Laundering Control Act (codified in Title 18, United States Code), and related offenses.

3. This affidavit is made in support of an application for seizure warrants for the following: (a) any and all funds on deposit in Citibank NA account number 9942786482, held in the name of Betty Weg and Arnold Weg (the "Citibank Account"), up to and including the sum of $656,853.00, and all proceeds traceable thereto, (b) any and all funds on deposit in JP Morgan Chase Bank account number 109022106, held in the name of S & B Realty Co. (the "Chase Account"), up to and including the sum of $113,001.00, and all proceeds traceable thereto, and (c) any and all funds on deposit in Bank of America NA account number 483003869195, held in the name of Oskar Weg and Rachel Weg (the "BOA Account" and, together with the Citibank Account and the Chase Account, the "Subject Accounts"), up to and including the sum of $200,000.00, and all proceeds traceable thereto.

4. The facts and information in this affidavit are based upon my personal knowledge, the observations of other law

-2-

enforcement personnel involved in this investigation, and the review of bank records.

5.    This affidavit is submitted in support of an application to seize certain funds on deposit in the Subject Accounts as set forth below, and is not intended to include each and every fact and matter observed by me or known to the government.

<u>STATUTORY AND REGULATORY FRAMEWORK</u>

6.    Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution.  CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") at the Detroit Data Center on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.  These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on

behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during any single business day.

7. Based on my training and experience, many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.00 on the same day or consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

8. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (b) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (c) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

9. Further, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C.

-4-

§ 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10.   In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## INVESTIGATORY BACKGROUND

11.   According to bank and public records, Betty Weg, who currently resides at 97-32 63rd Drive, Rego Park, New York 11374, is the principal owner of S & B Realty Co., a real estate management company, located at the same address.

12.   Arnold Weg, who currently resides at 63-38 Cromwell Circle, Rego Park, New York 11374, is a medical doctor who currently maintains an office at 7136 110th Street, Forest Hills, New York 11375.  Betty Weg and Arnold Weg (Mother & Son), are listed as the sole signatories on the Citibank Account, and Betty Weg is listed as the sole signatory on the Chase Account.

13.   Based upon the government's investigation, the Citibank Account, a personal checking account maintained by Betty Weg and Arnold Weg, has been involved in structuring activity aggregating to approximately $656,853.00 during the period from

-5-

October 19, 2010 through June 30, 2011. These funds have
remained on deposit in the Citibank Account.

14. In addition, the Chase Account, a business
checking account in the name of S & B Realty Co., was involved in
structuring activity during the period between December 10, 2010
and June 1, 2011, totaling approximately $313,001.00.
Furthermore, on or about January 20, 2011, a representative from
JP Morgan Chase Bank issued a letter to S & B Realty Co.
notifying the company of the CTR reporting requirements and
further stated in the letter that the account activity reflected
a pattern of cash transactions which appeared to be an attempt to
evade the CTR filing requirements.

## STRUCTURING ACTIVITY

15. Based on a review of bank records for the Subject
Accounts, law enforcement has determined that from on or about
October 19, 2010 through on or about June 30, 2011, there were
roughly one hundred twenty-four (124) structured currency
deposits made into the Citibank Account and the Chase Account,
which totaled approximately $969,854.00 and included deposits
made at one or more bank branch locations in or around Rego Park,
New York. The amount of structured currency deposits into the
Chase Account within approximately the past year, beginning on or
about April 18, 2011 and ending on or about June 1, 2011, is
approximately $180,001.00. In addition, approximately

-6-

$133,000.00 of funds structured into the Chase account prior to April 18, 2011, were among those funds transferred directly to the BOA Account as set forth below.

16.   Many of the structured deposits were made on the same day or on consecutive business days and were all in amounts of less than $10,000.01, an amount that would have triggered the filing of a CTR.  While none of the deposits during this period of time were in an amount in excess of $10,000.00, there were a number of instances where deposits were made on the same business day.  Those deposits which were made on the same business day triggered the filing of "multiple transaction" CTR's by Citibank and are highlighted below in **bold**.[1]

17.   A representative example of the structuring activity in the Citibank Account and the Chase Account during the period from November 2, 2010 through January 24, 2011 is listed on the chart below.  This chart sets forth the date, day, and amount of each of the structured cash deposits to the Citibank Account and Chase Account during this period, which total approximately $272,000.00.

| DATE OF DEPOSIT | DAY OF WEEK | CITIBANK ACCT. | CHASE ACCT. |
|-----------------|-------------|----------------|-------------|
| 11/02/10 | Tuesday | $8,000.00 | - |

---

[1]   A "multiple transaction" CTR is typically filed by a financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same banking day and the aggregate of such deposits or withdrawals exceeds the amount of $10,000.00.

| DATE OF DEPOSIT | DAY OF WEEK | CITIBANK ACCT. | CHASE ACCT. |
|---|---|---|---|
| 11/04/10 | Thursday | $8,000.00 | - |
| 11/05/10 | Friday | $8,000.00 | - |
| | | | |
| 11/08/10 | Monday | $8,000.00 | - |
| | | $8,000.00 | |
| | | | |
| 11/22/10 | Monday | $7,000.00 | - |
| | | | |
| 12/03/10 | Friday | $8,000.00 | $8,000.00 |
| | | | |
| 12/06/10 | Monday | - | $8,000.00 |
| 12/10/10 | Friday | $8,000.00 | $8,000.00 |
| | | | |
| 12/14/10 | Tuesday | $8,000.00 | $9,000.00 |
| 12/15/10 | Wednesday | - | $9,000.00 |
| 12/16/10 | Thursday | - | $9,000.00 |
| 12/17/10 | Friday | $9,000.00 | $9,000.00 |
| | | | |
| 12/20/10 | Monday | $9,000.00 | - |
| 12/21/10 | Tuesday | $9,000.00 | $9,000.00 |
| 12/23/10 | Thursday | - | $9,000.00 |
| | | | |
| 01/04/11 | Tuesday | $9,000.00 | $9,000.00 |
| 01/06/11 | Thursday | $6,000.00 | - |
| | | | |
| 01/11/11 | Tuesday | $9,000.00 | $9,000.00 |
| 01/12/11 | Wednesday | $9,000.00 | - |
| 01/14/11 | Thursday | $9,000.00 | $9,000.00 |
| | | | |
| 01/18/11 | Tuesday | $9,000.00 | - |
| 01/20/11 | Thursday | $9,000.00 | - |
| | | | |
| 01/24/11 | Monday | $9,000.00 | - |
| | | $9,000.00 | |
| TOTALS: | | $167,000.00 | $105,000.00 |

18.    Similarly, during the period from April 4, 2011 through May 3, 2011, roughly twenty-nine (29) cash deposits were made into the Citibank Account and the Chase Account totaling approximately $213,050,00.  The chart below sets forth the date, day, and amount of each of the structured cash deposits to the Chase Account and the Citibank Account during this period.

| DATE OF DEPOSIT | DAY OF WEEK | CITIBANK ACCT. | CHASE ACCT. |
|---|---|---|---|
| 04/04/11 | Monday | $9,000.00<br><br>$9,000.00 | - |
| 04/05/11 | Tuesday | $9,000.00 | - |
| 04/06/11 | Wednesday | $9,000.00 | - |
| 04/08/11 | Friday | - | $9,000.00 |
| 04/11/11 | Monday | $5,000.00 | $5,000.00 |
| 04/13/11 | Wednesday | $5,000.00 | - |
| 04/14/11 | Thursday | $7,000.00 | $7,000.00 |
| 04/15/11 | Friday | $7,000.00 | $7,000.00 |
| 04/18/11 | Monday | $5,000.00 | $9,000.00 |
| 04/19/11 | Tuesday | $5,000.00 | $9,000.00 |
| 04/20/11 | Wednesday | - | $9,000.00 |
| 04/21/11 | Thursday | $6,900.00 | $8,000.00 |
| 04/22/11 | Friday | $4,150.00 | - |
| 04/25/11 | Monday | $7,000.00 | - |
| 04/28/11 | Thursday | $8,000.00 | - |
| 04/29/11 | Friday | $7,000.00 | $9,000.00 |
| 05/02/11 | Monday | $7,000.00<br><br>$7,000.00 | $8,000.00 |
| 05/03/11 | Tuesday | $7,000.00 | $9,000.00 |
| TOTALS: | | $124,050.00 | $89,000.00 |

19.     Additionally, during the period from May 6, 2011 through June 1, 2011, roughly twenty-four (24) cash deposits were made into the Citibank Account and the Chase Account totaling approximately $182,001.00.  The chart below sets forth the date, day and amount of each of the structured cash deposits to the Citibank Account and Chase Account during this period.

| DATE OF DEPOSIT | DAY OF WEEK | CITIBANK ACCT. | CHASE ACCT. |
|---|---|---|---|
| 05/06/11 | Friday | $7,000.00 | $9,000.00 |
| | | | |
| 05/09/11 | Monday | $5,000.00 | $7,000.00 |
| 05/10/11 | Tuesday | $7,000.00 | $9,000.00 |
| 05/11/11 | Wednesday | $5,000.00 | - |
| 05/12/11 | Thursday | $7,000.00 | $8,001.00 |
| 05/13/11 | Friday | $6,000.00 | $8,000.00 |
| | | | |
| 05/16/11 | Monday | $6,000.00 $8,000.00 | $9,000.00 |
| 05/17/11 | Tuesday | $5,000.00 | - |
| 05/19/11 | Thursday | $8,000.00 | $9,000.00 |
| 05/20/11 | Friday | $7,000.00 | - |
| | | | |
| 05/23/11 | Monday | - | $9,000.00 |
| 05/24/11 | Tuesday | - | $9,000.00 |
| 05/26/11 | Thursday | - | $9,000.00 |
| 05/27/11 | Friday | - | $9,000.00 |
| | | | |
| 05/31/11 | Tuesday | - | $8,000.00 |
| 06/01/11 | Wednesday | - | $8,000.00 |
| | | | |
| TOTALS: | | $71,000.00 | $111,001.00 |

20.     After funds were structured into the Chase Account, a portion of the funds were subsequently transferred

into the BOA Account for which Oskar Weg and Rachel Weg, 610 Park Avenue, New York, New York 10065, are the sole signatories. Oskar Weg is the son of Betty Weg. Rachel Weg is the wife of Oskar Weg. The transfers occurred by four (4) check deposits made during the period from April 22, 2011 through June 13, 2011. The chart below sets forth the date, check number, and amount of the transfers to the BOA Account during this period totaling $200,000.00, which are traceable to structured cash deposits to the Chase Account.

| DATE OF TRANSFER | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|
| 04/22/11 | 1383 | $50,000.00 |
| 05/03/11 | 1379 | $50,000.00 |
| 05/24/11 | 1387 | $50,000.00 |
| 06/13/11 | 1390 | $50,000.00 |
| | | |
| TOTAL: | | $200,000.00 |

## CONCLUSION

21. Based upon the foregoing investigation, the Subject Accounts were involved in structuring activity in the amount of approximately $969,854.00 during the period between on or about October 19, 2010 and on or about June 30, 2011, in violation of 31 U.S.C. § 5324.

22. As a result, there is probable cause to believe that (a) all funds on deposit in the Citibank Account, up to and including the sum of $656,853.00, and all proceeds traceable thereto, (b) all funds on deposit in the Chase Account, up to and

including the sum of $113,001.00,[2] and all proceeds traceable thereto, and (c) all funds on deposit in the BOA Account, up to and including the sum of $200,000.00, and all proceeds traceable thereto, are subject to forfeiture pursuant to 31 U.S.C. § 5317.

23.   A restraining order, pursuant to 21 U.S.C. § 853(e), will not be sufficient to preserve the assets in question given the ease with which funds may move out of the Subject Accounts via wire transfer, electronic funds transfer, or otherwise.

24.   Accordingly, I respectfully request that the Court issue seizure warrants, pursuant to 21 U.S.C. § 853(f) and 18 U.S.C. § 981(b), as to the above-referenced funds on deposit in the Subject Accounts.

William A. Clark
Special Agent
Internal Revenue Service

Sworn to before me this
13th day of April, 2012

HONORABl
UNITED S      S/Pohorelsky      KY
EASTERN                         GE

---

[2]Alt          .....al of $313,001.00 in structured cash deposits were made to the Chase Account, the government's application to seize funds in the Chase Account is limited to the sum of $113,001.00, because $200,000.00 of structured funds was transferred to the BOA Account as discussed above.